EDGELL et al. v. FELDER.

(Circuit Court of Appeals, Fifth Circuit. January 23, 1900.)

No. 866.

1. APPEAL—FINAL DECREE.

A decree in favor of persons not technically parties to the suit, but whose appointment and employment therein had been authorized by the court, to render designated services, and whose claims for compensation, on proper petition of the special master and on due hearing, were fully adjudicated, and ordered to be paid out of the fund in the registry of the court, as a part of the costs of administration of the same, which decree provides for its immediate execution, by ordering that the clerk draw checks, for the signature of the judge, on the fund in the registry of the court, for the allowances made to the claimants, is a final decree, for the purposes of appeal.[1]

2. SAME—PARTIES—RECEIVER.

The fund affected by a decree for payment of persons employed by authority of the court, in a suit in which a receiver was appointed, being in the registry of the court, and the payment being ordered by a check drawn by the clerk of the court, and signed by the judge, the receiver is not affected by the decree, and hence is not a necessary party to an appeal therefrom.

3. SPECIAL MASTER—COMPENSATION—ESTOPPEL.

Parties at whose instance and for whose convenience a decree was passed, in a suit in which a receiver had been appointed, appointing a special master to take testimony at a certain place, with authority to employ stenographers, and who participated in the proceedings for taking the testimony, without any motion to amend the decree, or suggestion as to

---

[1] See note to Brush Electric Co. v. Electric Imp. Co. of San José, 2 C. C. A. 379; Trust Co. v. Madden, 17 C. C. A. 238; and Prescott & A. C. Ry. Co. v. Atchison, T. & S. F. R. Co., 28 C. C. A. 482.

distribution of the costs of the proceedings, cannot afterwards be heard to say that they will be injured by having the compensation of said master and stenographers paid out of the fund in the registry of the court.

Appeal from the Circuit Court of the United States for the Northern District of Georgia.

James E. Webb, for appellants.

Marion Erwin, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

McCORMICK, Circuit Judge. The decree from which this appeal is taken was passed in a suit which involved the rights of the respective parties in and to a large amount of real and personal property which the court, on adequate showing, had ordered to be taken possession of by its receiver. Some time after his appointment, this receiver represented to the court that, in order to discharge the duties devolved upon him, it was necessary for him to have possession of the books, correspondence, and other papers had and kept by and between the parties in reference to the property, and asked that the parties in possession of the same should be required to deliver them to him, to aid him in the discharge of his duties. The complainant also moved the court to make the order. It was shown that the books, correspondence, and other papers needed were in the possession of the defendants. The order prayed for was duly made. Thereafter the defendants appeared, and showed that it was impracticable and inequitable to obey the order as it was passed, because the books and other documents referred to were being used by them in the conduct of their current business. Thereupon, or immediately thereafter, apparently at the instance of all the parties,—certainly with the consent of the appellants, Edgell, Corbin, and Hehre, appearing before the court by the solicitor who now appears for them before this court,—that court passed the following decree:

"It is ordered by the court that Clem P. Steed, Esq., of Macon, Georgia, be, and he is hereby, appointed special master to take and report testimony in the above-stated cause, with powers of an examiner to take said testimony orally and stenographically in Georgia and New York, as provided by the sixty-seventh equity rule; and said special master is authorized to employ such stenographer or stenographers as he may deem necessary to assist him, who shall be by said master sworn to a faithful performance of his or their duty as such stenographer or stenographers. Said special master shall proceed to the city of New York, and take such testimony as is offered there by any party to this cause, upon reasonable notice to the parties or their counsel. Said special master shall, upon the request of either or any party, have power to require the production of books, documents, and papers before him for the purpose of making or causing to be made copies thereof or extracts therefrom for use in evidence or for the receiver, and to verify the same;· but where books, papers, and documents are claimed by any of the parties to be in use in their business, and such parties express a willingness to submit the same at their place of business, or other suitable place, to the inspection of the other parties to the suit, their solicitors and agents, at all reasonable hours, then said special master shall take the testimony at such place, without requiring said books and documents and papers to be carried elsewhere; and the parties shall allow such inspection to be made, and copies and extracts to be made, at such place, by the special master, or the party desiring the same, or their solicitors or agents, at all reasonable hours. In the meantime the defendants to this suit, and each of them, are restrained from instituting or carrying on,

otherwise than in this court, or without the permission of this court, any legal proceedings of any kind or character whatsoever against the said complainant, T. J. Felder, embraced in the controversy in this cause. the accounting, and other subject-matter thereof. In the meantime, and until the further order of the court, the court reserves its decision on the motions before it, upon which evidence has this day been offered and argument had, until either party shall, on notice to the other, ask for a decision of the court thereon.

"Aug. 7th, 1897. Emory Speer, U. S. Judge.

"The above order is agreed to.

"Marion Erwin,
"Solicitor for T. J. Felder.

"James E. Webb,
"Solicitor for Defts. Edgell, Corbin & Hehre."

It appears from the record that subsequent to the passing of this decree the defendants were permitted, by leave of court duly granted, on the giving of proper bonds, to withdraw from the custody of the receiver all of the assets which had been placed in his hands, except a certain amount of cash then held by him. Thereafter the special master appointed by the decree above recited, after due notice to the parties, proceeded to execute the same so far as it contemplated execution in the city of New York, where and when the parties, without having made any motion to amend the decree, or any suggestion to the court or the special master in reference to the distribution of the costs of the proceeding they were about to take, and the payment therefor, participated fully in the proceedings for the period of about one month, until the same were duly closed at that point. Of this proceeding the special master made his report, and moved the court to settle his compensation, and allow the claims of those employed by him under the order. This application coming on to be heard, the solicitors, who now represent the parties to this appeal, appeared before the court; and, the matter having been contradictorily tried, the court passed the decree from which this appeal is taken, in the following terms:

"The above-stated cause came on to be heard upon the petition of Clem P. Steed, special master appointed by the court by order of 7th day of August, 1897, to take testimony in Georgia and in New York in said cause, asking for the payment of his personal expenses on trip to New York in pursuance of said order, and for the payment of the stenographer's bill for services rendered at said hearing before said master in New York, and praying for an allowance on account of his personal compensation for services rendered as master in New York, and upon motion of complainant to have taxed as part of said cost the bill of said stenographer for services of two typewriters employed in making the copies of papers and documents from books and documents in the hands of the Corbin Banking Company for use as evidence before the master under the terms of said order; and evidence having been heard by the court, and arguments of counsel, it is adjudged, ordered, and decreed that the said Clem P. Steed, special master, be, and he is hereby, allowed out of the fund in the registry of the court in said cause the sum of $153.50 for his personal expenses of his trip to New York as aforesaid, and $500 on account for services rendered as said special master in said cause on said trip to New York; also, that the bills of Whitfield Sammis and Charles F. Tinkham for $462.25 for services for taking and reporting the oral testimony in said cause before said master, and also their bill for $113 for services of Miss Shepardson and Miss Moore, typewriters, for making copies of papers and documents for use before said master, be also approved, and directed to be paid out of the fund in the registry of the court, as part of the cost of the administration of the fund brought into court for distribution in said cause. It is further ordered that the

clerk draw checks, for the signature of the judge, on the fund in the registry of the court in said cause, for the above-stated allowances, as follows: In favor of Clem P. Steed, for $653.50; in favor of Whitfield Sammis and Charles F. Tinkham, for $575.25.

"In open court, December 22, 1898.          Emory Speer, U. S. Judge."

George S. Edgell and Austin Corbin, Jr., the appellants, having severed from their co-defendants, in due time procured the allowance of their appeal to this court, and duly filed the transcript of the record. They assign (1) "that the court erred in assuming jurisdiction in the matter of said petition to render said judgment set out on page 21 of the record." In support of this assignment, and as a part of it, they submit argumentatively several grounds, in substance: (1) That they, the real defendants to the bill, contend that the complainant has no interest in the fund in the custody of the court; (2) that the expenses provided for in the decree are not for the care and administration of the fund, but for the benefit of the complainant in the preparation and prosecution of the suit; (3) that the court could only fix the equitable and just proportion of these expenses to be borne by the parties, respectively, to be paid out of their own moneys and estates; (4) because the appellants, in open court, offered to pay whatever amount the court might ascertain and assess as their share of such costs and expenses, and it was error in the court to order and decree that the entire expense of taking such testimony should be paid out of the fund in the registry of the court. The appellee, Thomas J. Felder, moves to dismiss this appeal on grounds which may be stated thus: (1) Clem P. Steed, Whitfield Sammis, and Charles F. Tinkham, the persons most interested in maintaining the decree, and Earnest P. Willingham, the receiver, are necessary parties to the appeal, but have not been made parties thereto by citation or bond or otherwise; and (2) that the decree appealed from is not a final order from which an appeal lies.

On the hearing in this court the appeal on the merits and the motion to dismiss were considered together, and argued by counsel. The decree appealed from is not one adjudging costs in favor of certain parties to a suit against other parties. Such an order in reference to costs would, in the very nature of the case, be interlocutory, and could not support an appeal. This decree, however, is in favor of certain persons who were not technically parties to the suit, but whose appointment and employment therein had been authorized by the court to render designated service, and whose claims for compensation, on proper petition of the special master and on due hearing, were fully adjudicated, and ordered to be paid out of the fund in the registry of the court, as a part of the costs of administration of the same. The decree provides for its immediate execution, by ordering that the clerk draw checks, for the signature of the judge, on the fund in the registry of the court, for the allowances made to the claimants. There being no immediate allowance of the appeal, with supersedeas, the decree was doubtless promptly executed, the payments made, and the fund in court thereby diminished to the extent of the sum of these payments. On the authority of Trustees v. Greenough, 105 U. S. 527, 26 L. Ed. 1157, and Railway Co. v. Bisbee,

13 U. S. App. 377, 6 C. C. A. 249, 57 Fed. 66, and the precedents on which these rest, we are constrained to hold that the decree appealed from is a final decree, within the meaning of the statute and decisions allowing appeals. It appearing from the decree that the fund affected is in the registry of the court, and that the payment was to be made by a proper check drawn by the clerk of the court and signed by the judge, we do not perceive that the receiver, Earnest P. Willingham, is affected thereby, and hence must hold that he is not a necessary party to the appeal. As to the other persons claimed by the motion to be necessary parties to the appeal, the appellants, while contending that these persons are not such necessary parties, submit to the court that the appellants be allowed now to make new bond, and to give the necessary notice, if the court should be of opinion that these persons should be brought before it. This we could do. Jacobs v. George, 150 U. S. 415, 14 Sup. Ct. 159, 37 L. Ed. 1127; Evans v. Bank, 134 U. S. 330, 10 Sup. Ct. 493, 33 L. Ed. 917; Richardson v. Green, 130 U. S. 104, 9 Sup. Ct. 443, 33 L. Ed. 516; Peugh v. Davis, 110 U. S. 227, 4 Sup. Ct. 17, 28 L. Ed. 127; Railroad Co. v. Blair, 100 U. S. 661, 25 L. Ed. 587; Dayton v. Lash, 94 U. S. 112, 24 L. Ed. 33. The view we have taken of the merits, however, renders it unnecessary that we should now allow a new bond and further notice to be given. It sufficiently appears on the face of the decree passed on August 7, 1897, above set out, that it was obtained at the instance and for the convenience of these appellants, represented then by the same counsel that represent them now, who also represented them before the special master when the work was done for which the decree appealed from provides compensation. Under the circumstances and conditions which the record shows to have existed at the time of the passing of the decree of August 7, 1897, and the doing of the work, we are of opinion that the appellants should not now be heard to say that they will be injured by having the compensation for this service paid out of the fund in the registry of the court. Their contention that the circuit court could and should only have adjudged between the parties the respective proportionate shares of these expenses does not commend itself to us. Because, in our view, the action of the circuit court was right, the decree appealed from is affirmed.