RUGGLES et al. v. PATTON.

(Circuit Court of Appeals, Sixth Circuit. February 20, 1906.)

No. 1,438.

**1. APPEAL—FINAL ORDER—ALLOWANCE OF COMPENSATION TO RECEIVER.**

An order authorizing a receiver to pay to himself from funds in his hands as custodian for the court a specific sum for past services rendered as such receiver is a complete withdrawal of so much of such funds from the court's possession, and as such is a final order and appealable.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, § 399.]

**2. RECEIVERS—ORDER ALLOWING COMPENSATION.**

An order allowing compensation to a receiver should be made only after notice and a hearing, at which the parties interested have an opportunity of contesting.the claim.

[Ed. Note.—For cases in point, see vol. 42, Cent. Dig. Receivers, § 391.]

Appeal from the Circuit Court of the United States for the Western District of Michigan.

Knappen, Kleinhaus & Knappen and Dovel & Smith (Benton Hanchett, of counsel), for appellants.

Taggart, Denison & Wilson, for appellee.

Before LURTON and RICHARDS, Circuit Judges, and COCHRAN, District Judge.

LURTON, Circuit Judge. Under a bill filed in the circuit court by C. F. Ruggles, one of the appellants, against Edward Buckley, another of the appellants, and others, the appellee, John Patton, was duly appointed receiver. The object of the bill was to wind up an alleged partnership between Ruggles and Buckley. Before any conclusion of the litigation or disposition of the property in custodia legis, Hon. Francis J. Wing, District Judge for the Northern district of Ohio, sitting under a designation in the place of District Judge Wanty, made the following order:

"In this cause the receiver, John Patton, having served substantially one year as such receiver up to January 1, 1905, and not having received or withdrawn any compensation for his services, and it appearing to the court proper that he should be permitted to receive and to pay himself each year a suitable sum on account of such compensation, it is ordered that said

receiver may withdraw and pay to himself the sum of twenty thousand dollars ($20,000) for the year 1904, and at the rate of the same sum for each year or part of a year thereafter, while he remains receiver, on account of such compensation, for the whole period upon the final termination of the trust, if such further allowance be deemed proper."

From this decree this appeal has been prosecuted by the appellants named in the caption.

The motion of the appellee to dismiss the appeal as not from a final decree presents the whole substance of the errors assigned. If the order was interlocutory, it is not appealable until a final decree shall be made in respect to the receiver's compensation. Upon the other hand, if the order that the receiver shall pay to himself out of the funds in his hands as receiver the sum of $20,000 for his services for the year 1904 is a final determination of the particular matter, it is a final decree, and appealable, although the receivership shall still continue.

The question is in narrow compass. The receiver contends that the order is not final, because he construes it as a mere payment upon account, and that the fund paid to himself under the order will continue to be subject to the order of the court, and his bond responsible for obedience to any order settling his compensation at a less sum and recalling any sum received in excess of the compensation allowed upon a final settlement. If this is the correct interpretation of the order, it is plainly interlocutory, and not final, and, if not final, is not appealable. The order itself bears no such interpretation. It directs the payment of $20,000 for a definite service, the service of the receiver for the year 1904. It also directs that he be paid at the same rate for his future services. The only reservation over the subject of compensation for either past or future service is found in the direction that the order is without prejudice to the allowance of "further compensation" upon the final termination of the receivership. In other words the court in effect says:

"You shall have, and the fund shall immediately pay you, $20,000 for your services for the year past. You shall be paid at the same rate for future services, for I find that to be the value of your services upon the evidence in the record. It may turn out that your services will prove of even greater value. In that event the matter shall be open so far as to entitle you to a still further allowance; but in any event your compensation shall be now settled at a minimum of $20,000 for 1904, and the same for the future unless I see fit to increase it."

That this order applied to the court's receiver is no test of its finality. If the receiver presents any particular matter touching his action for the court's approval, and the court upon a proper hearing decides in favor of the receiver and approves his conduct, or discharges him from liability in respect of the particular matter, would it be said that the matter would remain open and subject to reconsideration, upon the application of any one interested or upon the court's own initiative, simply because the receivership was not then terminated? The test of the finality of a decree affecting either the conduct or the compensation of a receiver is not found in the mere fact as to whether the receivership was thereafter continued, but in the nature and char-

acter of the order itself. When Mr. Patton was ordered to pay to himself out of the funds in his hands as custodian for the court the sum of $20,000 for his services for 1904, that sum of money was just as absolutely withdrawn from the custody of the court as if he had been ordered to pay it to a third person. The fact that he was then the court's receiver, and that he continued to be the court's receiver, gave the court no more authority to call back a fund which he was directed to pay to himself, in the absence of a reservation to that effect, than it could exercise over any other party obtaining funds through an order of the court.

An instance in point of a final order in respect to a particular compensation to a receiver is found in Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559. Rayner was one of two receivers. He was also one of two trustees under the mortgage in course of foreclosure. As receiver he took active charge of the operation of the railway and applied for an annual allowance for his service as manager and superintendent of the railway. The matter was referred to a master, who reported an annual allowance of $10,000 per year. The report was confirmed, subject to exceptions filed within 30 days. None were filed, and Rayner received that allowance for that branch of his services throughout the receivership. The appeal in the case was from an order made at the conclusion of the case fixing compensation as trustees and receivers, exclusive of the salary paid to Rayner as superintendent and manager. Manifestly the allowance made subject to exceptions became final, in the absence of exceptions or upon their being overruled.

In the case styled In re Michigan Central Rd. Co., 124 Fed. 727, 731, 59 C. C. A. 643, the clerk of the Circuit Court applied for compensation as custodian of certain bonds upon a part of them being withdrawn. The Circuit Court made the allowance claimed, and directed the appellant to pay the amount fixed as commissions to W. D. Harsha, and upon default that execution should issue. An appeal was denied upon two grounds, one of which was that the decree was not final, inasmuch as the whole matter was not disposed of, as other bonds remained in custody of the clerk, which, when withdrawn, would entitle the clerk to a further allowance of compensation. We held the decree final so far as compensation had accrued and so far as there was a definite order to pay.

We think that the direction that the receiver should pay to himself $20,000 for a specific service already rendered was a complete withdrawal of that part of the funds from the court's possession. The case falls under the authority of In re Michigan Central Rd. Co., cited above; Trustees v. Greenough, 105 U. S. 527, 531, 26 L. Ed. 1157; Edgell v. Felder, 99 Fed. 324, 39 C. C. A. 540; Tuttle v. Claflin, 88 Fed. 122, 31 C. C. A. 419. The order appealed from was made without notice to the parties interested in the fund. In truth, it seems to have been made by the court upon its own motion and without application by the receiver. Nothing is better settled than that an allowance to a receiver by way of compensation for his services is not subject to the arbitrary determination of the court, but should be made upon

a hearing at which the parties interested have an opportunity of contesting the claim. In Re Michigan Central Rd. Co., already cited, we said:

"The power of the chancellor to fix an allowance out of a fund in court for the services of a special master, receiver, counsel, trustee, etc., is not uncontrollable, as it would be if orders making such allowances were not subject to review. In such matters great latitude may be properly accorded to the judge administering a property, and acquainted with the services and qualifications of persons rendering special services under the court's direction. Nevertheless, if wrong principles be applied in settling such compensation, or an allowance grossly excessive be made, it would be competent for an appellate court to correct the wrong. The most extravagant allowances in such cases, and the grossest misapplication of correct legal principles, might go unchallenged unless the matter were subject to review by appeal. Trustees v. Greenough, 105 U. S. 527, 528, 26 L. Ed. 1157; Williams v. Morgan, 111 U. S. 684, 4 Sup. Ct. 638, 28 L. Ed. 559; Mason v. Pewabic Mining Co., 153 U. S. 361, 14 Sup. Ct. 847, 38 L. Ed. 745."

If reviewable upon appeal, it follows that the order is erroneous, if made without notice. Any other practice is certain to lead to great abuse. Merchant's Bank v. Crysler, 67 Fed. 388, 14 C. C. A. 444.

We express no opinion in respect to the merits of the allowance. The court below should first act upon the matter after a hearing. The decree will be reversed, as irregular and erroneous.