BOWE, Respondent, v. MILLER, et al, Appellants.

(220 N. W. 453.)

(File No. 6183.  Opinion filed July 7, 1928.)

*Buell F. Jones,* Attorney General, *Roy E. Willy,* Special Counsel, Banking Department, of Platte (*Null & Royhl* and *Irving R. Crawford,* all of Huron, of Counsel), for Appellants.

*McCoy & McCoy,* of Huron, for Respondent.

MISER, C.  On May 28, 1924, respondent was the owner of a note signed by appellants Miller and Naeve in the sum of $5,900, secured by second mortgage on land in Beadle county.  Interest since September 1, 1921, was in default.  The taxes for the year 1923 were delinquent.  Interest due March 1, 1924, amounting to $900, on a first mortgage of $15,000 was unpaid.  On May 28, 1924, respondent commenced foreclosure by action, serving with the summons and complaint an application for the appointment of a receiver under subdivision 2, § 2475, R. C., supported by an affidavit reciting the existence of the first mortgage, the default in the payment of taxes and interest on respondent's mortgage, the insolvency of the mortgagor, and the insufficiency of the property to satisfy the mortgage debt.  Upon order to show cause, one Shober, on June 7, 1924, served and filed an affidavit showing that he was then examiner in charge of the James Valley Bank, an insolvent bank in the hands of the superintendent of banks of South Dakota for the purpose of liquidation; that theretofore said Naeve had been the owner of the lands involved in the action.  The affidavit recited that:

"The said Naeve became heavily indebted to the said bank, and in adjustment of the said indebtedness *and as security for the payment thereof,* he recently conveyed the legal title to said lands to the said bank; that thereafter the said bank, by and through the superintendent of banks, leased the said lands for the cropping season of 1924; that all of said property is in the charge of and possession of the said Shober as the examiner in charge of said insolvent bank."

No decision having been made by the court on the order to show cause, the respondent, on September 8, 1924, made a supple-

mental affidavit stating in substance that, since the hearing of said application, judgment had been entered by default against defendants in the sum of $7,017.25, which did not include interest on first mortgage or taxes, that foreclosure sale had been had on August 12, 1924, and that there was a deficiency judgment in the sum of $1,128.20, and that, on August 15th, certain buildings on the premises had been wrecked by a windstorm, and that it was necessary to have said buildings repaired to prevent further waste. Thereupon the court made its order appointing one Stahl receiver of all the rents, profits, and uses of the premises described, for the years of 1924 and 1925 and until redemption should have been made from the mortgage foreclosure sale, or until the time for redemption should have expired; and it was recited therein that:

"Said receiver is authorized to take possession of said rents and profits and apply the same as shall be hereafter directed by the court."

No appeal has been taken from said order of September 8, 1924, appointing receiver, although such order was appealable (Cessna v. Otho Devel. & Power Co., 35 S. D. 557, 561, 153 N. W. 380, 382) ; nor has any application been made for an order vacating such order of appointment.

On January 24, 1925, said receiver made his report reciting that he had taken possession of the rents and profits arising from the land during 1924, again advising the court of the unpaid interest on the first mortgage and the 1923 taxes, upon which tax certificate appears to have been issued, and asked for an order permitting him to pay said interest, taxes, and the sum of $111.40 expense incurred in repairing damages to said premises caused by the windstorm. By agreement of parties, this report was not heard until the following April, before which hearing and on April 28, 1925, the appellant James Valley Bank moved that certain affidavits at that time presented should be considered by the court *in the distribution of the funds in the hands of the receiver*. By the affidavit of one Meyhaus, appellant caused it to appear that, on March 1, 1924, the said Naeve, being indebted to the bank in excess of $40,000, had executed a bill of sale whereby there was conveyed to said bank the live stock, machinery, and *an undivided one-half interest in all crops grown on the mortgaged premises during the year 1924*, and that, on March 5, 1924, the said bank had leased

said premises for three years to one Barton as tenant, who cropped said premises during the year 1924, and that the James Valley Bank was the owner of the rents and profits from said premises, which ownership arose by virtue of said bill of sale and lease, and the rights to the crops and possession of the premises arising thereunder; that, by reason of certain papers having been lost in the bank files, Shober had not been advised of the entire interest of the bank in said premises, and was of the opinion that the only interest which said bank had in the rents and profits was under a chattel mortgage covering Barton's share of the crop, to secure Barton's indebtedness to the bank. It will therefore be observed from the showings made on their behalf that appellant bank held legal title to said land as security for the payment of its indebtedness and not as owner, that it did not claim to have a written lease from the owner, that it did not claim to have a bill of sale of the 1925 crop, and that its bill of sale of the crop grown in 1924 was executed on March 1, 1924, at which time it does not appear that a crop had been planted. It does not appear that the receiver has interfered with the live stock and machinery conveyed by the bill of sale, or interfered with the tenant's half interest, which was mortgaged to the bank. The bank did not, in April, 1925, ask to have the superintendent of banks act as receiver in lieu of the receiver appointed the preceding September, nor were any objections filed to any items of receipt or disbursement theretofore made by the receiver; but their affidavits stated that the bank owned the rents and profits for the year 1924, and asked the court to order the funds in the hands of the receiver distributed accordingly.

On April 30, 1925, the court ordered the receiver to pay the taxes for the year 1923, to pay the sum of $111.40 incurred in repair of the storm damage, and to pay as much of the $900 interest on the first mortgage then due as he had funds in his hands wherewith to pay the same, which the receiver did. No appeal was taken from this order. Thereafter, on September 10, 1925, the year of redemption having expired and no redemption having been made, and sheriff's deed having issued, the receiver made a final report, which was filed on October 23, 1925, showing that, as rental for the lands for the year 1925, he had received the sum of $776; that the 1924 taxes and another interest coupon on the first mortgage, payable March 1, 1925, were due and unpaid; and that the reasonable value of his services as receiver was $25, which he

asked permission to retain and to pay said taxes and to apply the remainder of the money on the payment of the interest on the first mortgage, and to be discharged as receiver. On October 30, 1925, appellant bank and the appellants Miller and Naeve filed objections in writing to the receiver's account, and claimed that the bank owned the entire proceeds of rentals received. On December 21, 1925, the court made its order granting leave to the receiver as prayed for, to which order there was attached the redemption receipts for the 1923 and 1924 taxes and the March 1, 1925, interest coupon for $900. To the making of this order, the defendants duly excepted; and this appeal is from the said order dated December 21, 1925, directing distribution of the receivership funds and discharging said receiver from further liability.

This appeal may be summarized as follows: Appellants contend that, under Hanson v. Sogn, 50 S. D. 44, 208 N. W. 228, the mortgaged premises were, at the time of respondent's application for the appointment of a receiver, already in custodia legis, and therefore the receiver could not interfere with the litigation or gain any rights over the property. If appellants believed the mortgaged premises to be already in custodia legis within the terms of Hanson v. Sogn, supra, they should have appealed from the order of September 8, 1924, appointing a receiver, or asked to have it vacated. This they did not do, if, indeed, by their affidavits filed prior to the order of April 30, 1925, they did not acquiesce therein.

As to the 1924 crop, receiver took the crop, cited appellants into court on order to show cause, and, after a hearing thereon, obtained the order of April 30, 1925, wherein he was ordered to disburse the proceeds of such crops, as he thereafter did disburse them. This order was made ten months after decree of foreclosure; it determined, lawfully or unlawfully, that, instead of appellants herein being entitled to the rents for the year 1924, the receiver should pay them to the holder of a first mortgage, and specifically ordered the receiver to so pay them, without any reservations whatever. It may be summarized in the language of the Circuit Court of Appeals of the Third Circuit thus:

"It is sufficient to say, very briefly, that the order * * * directs the payment of the fund to one determined to be entitled to it. It is both a disposition of the fund and a determination of the rights of every one claiming it. On performance, the money

would pass beyond the control of the court forever. As nothing remains to be done, except to pay over the money, it is a final determination of the particular matter, and is, therefore, * * * appealable." Pennsylvania Co. v. Phila. Co., 266 F. 1, 4.

As was said in Ruggles v. Patton, 143 F. 312, 74 C. C. A. 450, the test of the finality of a decree affecting the conduct of a receiver "is not found in the mere fact as to whether the receivership was thereafter continued, but in the nature and character of the order itself." See, also, Seaboard National Bank v. Rogers Milk Products Co. (C. C. A.) 21 F.(2d) 414, 418; Rector v. U. S. (C. C. A.) 20 F.(2d) 845, 872. Yet no appeal was taken from the order of April 30, 1925.

As to the 1925 crop, appellants Miller and Naeve do not even claim to be entitled thereto, but, in their written objections filed to the receiver's final report, they say that it "is the property of the James Valley Bank and the liquidating officers thereof." Appellant bank has neither bill of sale nor chattel mortgage on the 1925 crop. It claims to hold the legal title to the land as security for an indebtedness; and, inasmuch as it has not redeemed from the foreclosure of respondent's second mortgage, it has, in effect, a third mortgage. We have, then, a receiver holding an amount insufficient to pay the delinquent taxes and delinquent interest on a first mortgage; the holder of the sheriff's certificate on the foreclosure of the second mortgage asking the court that the money be used, under the authority of Roberts v. Parker, 14 S. D. 323, 85 N. W. 591, and First National Bank v. Cranmer, 42 S. D. 404, 175 N. W. 881, "to preserve the security and see to it that no liens having priority over the [second] mortgage are created."

Appellant bank objects to such use of the money, claiming that it is entitled to the possession of the premises and to the rents and profits during the period of redemption. Even if the order appealed from be based upon the assumption that the receiver may use rents during the period of redemption for a purpose not expressly authorized by statute, or heretofore by this court expressly held to be warranted, appellant bank has not shown itself to be prejudiced thereby, unless it is a mortgagee in possession. It has shown neither lease of the premises for 1925 nor bill of sale of, nor chattel mortgage on, the 1925 crop, nor ownership of the land, nor redemption from the foreclosure sale.

Appellant bank may have rights, however, as a mortgagee in possession, which would entitle it to question the disposition of the proceeds of the 1925 crop. It is not clear from the record either who was actually in possession during the growing of the 1925 crop nor who was entitled to the possession at that time. If, in 1925, the bank was in possession, pursuant to a deed absolute in form but a mortgage in fact, and pursuant to an agreement between the grantor and the grantee therein, then the right of a receiver to use the rents and profits accruing during the year of redemption to pay taxes and interest on a prior mortgage must be determined. We believe that a question of such importance can be better determined when not complicated by doubt as to the facts. For this reason, the judgment will be reversed and remanded, with instructions to take further testimony upon the question of possession and right to possession during the year 1925, and for further proceedings in harmony herewith; and, for that reason, no costs will be taxed herein.

BURCH, P. J., and POLLEY, SHERWOOD, CAMPBELL, and BROWN, JJ., concur.