JACKSONVILLE, T. & K. W. RY. CO. et al. v. AMERICAN CONST. CO. et al.

(Circuit Court of Appeals, Fifth Circuit. June 5, 1893.)

. No. 87.

1. APPEAL—TRANSCRIPT—SUFFICIENCY OF AUTHENTICATION.
    Rule 14 of the circuit court of appeals for the fifth circuit requires "a true copy of the record, bill of exceptions, assignments of error, and all other proceedings in the case," (47 Fed. Rep. vii.,) to be sent up on appeal. *Held*, that an authentication stating that "the foregoing is a true, full, and complete record in the above-entitled cause" is sufficient. Pennsylvania Co. for Insurance on Lives, etc., v. Jacksonville, T. & K. W. Ry. Co., 5 C. C. A. —, 55 Fed. Rep. 131, 2 U. S. App. —, followed.

2. APPEAL—FINAL DECREE—ALLOWANCE OF ATTORNEYS' FEES
    A decree by the circuit court, allowing $5,000 to the complainant's solicitors for services rendered and to be rendered, and directing payment of the same out of the funds in the receiver's hands, in a suit by a stockholder against a corporation, in which a receiver has been appointed and an injunction granted, is pro tanto a final decree, from which an appeal will lie to the circuit court of appeals. Hobbs v. McLean, 6 Sup. Ct. Rep. 870, 117 U. S. 567, followed.

3. ATTORNEYS' FEES—STOCKHOLDER'S SUIT—PREMATURE DECREE.
    In a suit by a stockholder, in behalf of itself and of such other stockholders as may come in, against a railway company, alleging the making of an illegal and void contract by the corporation, and praying for an account, an injunction, and the appointment of a receiver, an allowance of compensation to the complainant for solicitors' fees pending an appeal from an order appointing a receiver and continuing a restraining order is premature.

4. SAME—APPEAL—REVERSAL.
    The allowance of such compensation should be reversed, where, on appeal, the order appointing the receiver has been reversed, the injunction modified, and the property in controversy returned to the defendant.

. Appeal from the Circuit Court of the United States for the Northern District of Florida.

In Equity. Bill by the American Construction Company, on behalf of itself and such other stockholders as might come in, against the Jacksonville, Tampa & Key West Railway Company, for an account, a receiver, and an injunction. From an order granting H. Bisbee and C. D. Rinehart, complainant's solicitors, $5,000, as an allowance for services rendered and to be rendered, defendant appeals. The appellees Bisbee & Rinehart moved to dismiss the appeal on the ground that the transcript of the record was improperly authenticated. Motion to dismiss overruled, and order appealed from reversed.

The certificate of the clerk, annexed to the transcript of the record, stated "that the foregoing is a true, full, and complete record in the above-entitled cause."

For reports of prior decisions rendered in the course of this litigation, see 52 Fed. Rep. 937; 13 Sup. Ct. Rep. 758; and 55 Fed. Rep. 131.

Statement by the court:

On July 6, 1892, the American Construction Company, a corporation of Illinois, and a stockholder in the Jacksonville, Tampa & Key West Railway

Company, a corporation of Florida, engaged in operating a railroad in the state, filed a bill in equity, in behalf of itself and of such other stockholders as might come in, against the railway company, and against its president and directors, citizens of other states, alleging that they had made a contract in its behalf which was illegal and void, and unjust to its stockholders, and had declined to have an account taken, and praying for an account, a receiver, and an injunction. On the filing of the bill the district judge made a restraining order, by which, until the plaintiff's motion for an injunction and for the appointment of a receiver could be heard and determined, the railway company and its officers and agents were enjoined and restrained from remitting, sending, or removing any of its income, tolls, and revenues from the jurisdiction of the court, and from selling, disposing of, hypothecating, or pledging any of its bonds of a certain issue at less than their par value. On August 4, 1892, after a hearing of the parties, the court made an order appointing Mason Young receiver of all the property of the railway company; enjoining the railway company, its officers and agents, and all persons in possession of its property, from interfering with the possession, control, management, and operation of the property, and from obstructing the exercise of the receiver's rights and powers, or the performance of his duties; and continuing the restraining order of July 6th until the further order of the court. On August 5th, on a petition of the receiver, and after hearing him and the parties, the court made an order authorizing him to pay certain interest and obligations of the railway company out of the income and money coming into his hands as receiver, or, if those should be insufficient for that purpose, to issue receiver's notes in payment of such interest and obligations, or, at his discretion, to borrow money on such receiver's notes for that purpose, the amount of such notes outstanding at one time not to exceed $125,000. On August 27th the railway company prayed and was allowed an appeal from the orders of August 4th and August 5th to the United States circuit court of appeals for the fifth circuit, and gave bonds to prosecute the appeal.

All the foregoing proceedings were carried on contradictorily with the adverse parties, and the several orders made were vigorously resisted.

On October 12, 1892, Messrs. Bisbee & Rinehart, solicitors for the American Construction Company, filed the following petition: "Your petitioners, H. Bisbee and C. D. Rinehart, doing business under the firm name and style of Bisbee & Rinehart, respectfully show that they were retained for the complainant in the above-entitled cause about the middle of last June; that they prepared and filed the bill in said cause; that they made and argued the several motions for an injunction and receiver, and have represented the complainant in all other proceedings appearing of record, and have had several consultations with the representatives of the complainant during the pendency of the cause; that an appeal has been taken in the said cause, to the United States circuit court of appeals, from some of the orders granted therein, and demurrer has been filed by the defendant company to the complainant's bill; that the services required to represent properly the complainant on said appeal, and on the demurrer to the said bill, and the pending interventions and petitions on the part of the receiver, will necessarily occupy, in the immediate future, a very great portion of the petitioners' time. Your petitioners further show that in the suit of the Pennsylvania Company for the Insurance of Lives and for Granting Annuities against the said railroad company, for foreclosure of a mortgage, the said American Construction Company intervened, setting up the proceedings in the cause first above mentioned, and made a motion for a stay of proceedings therein, which, after argument, was granted, and that an appeal has been taken from said order in that case to the United States circuit court of appeals, which will also, in the immediate future, require your petitioners' attention and services. Your petitioners say that they received a retainer of $500 in the cause first above mentioned, and in view of the magnitude of the controversies in the above-stated causes, and in view of the fact that the litigation on the part of the American Construction Company, which your petitioners represent, has been commenced and is being prosecuted in the interest of all the stockholders of the said railway company, as well as in the interest of all the creditors of the said com-

pany, and in view of the magnitude of the litigation, and of the extensive professional labor required of your petitioners for some time to come, your petitioners respectfully pray for an order of this honorable court, upon the receiver heretofore appointed in the suit by the American Construction Company against the railroad company, to pay your petitioners such a reasonable sum of money as an allowance on account of services rendered and to be rendered in the said causes as to this honorable court may seem just and proper; and your petitioners will ever pray, etc."

The matter came on to be heard on the 14th day of October, the appellants filing the following answer: "The defendant, the Jacksonville, Tampa & Key West Railway Company, for answer to so much of said petition as it is advised it is necessary for it to make answer unto, respectfully shows that, as shown by the record, the petitioners represent only the complainant in said cause, which claims to be entitled to but a small minority of the stock of said company, as shown by the record; but defendant denies that said suit is prosecuted in fact or for the benefit of either the creditors or other stockholders of said railroad company, except the complainant and Mason Young, and that the other stockholders and all the creditors of said company, other than the said complainant and Mason Young, are opposed to the said litigation of said complainant, and the said litigation is against the interest of the other stockholders and creditors of this defendant company. Defendant, further answering, states that an appeal is now pending from the orders heretofore made in this cause to the circuit court of appeals, fifth circuit, and respectfully submits that no order should be made upon the said petition pending said appeal, for the reason that, in the event it is held by the said court of appeals that the complainant is not entitled to maintain the bill in this cause, an allowance to its solicitors would, in any event, be erroneous and improper; that the purposes of the bill, as shown by its prayers, do not look to any final and ultimate relief to any parties in interest in the cause, and relief prayed is not such as to make the case one in which complainant's solicitors are entitled to compensation out of the property involved in the cause, or its rents, issues, and profits; that in no event would such an allowance be made as prayed in the petition, except for services already rendered, after the usual references, and testimony taken as to the value of such services; that the property involved in the case, and its income, rents, issues, and profits, are subject to the several trust deeds or mortgages mentioned in the record, which are existing liens thereon, and no allowance or payment out of said fund should be ordered by the court until the said trustees and lienholders are made parties to this litigation, and have notice and an opportunity to be heard."

On the hearing, Mr. John E. Hartridge, a lawyer practicing in the circuit court for the northern district of Florida, testified that $20,000 would be a reasonable compensation for the completion of the present litigation; that $5,000 would be a fair compensation to be allowed in advance on what had been done up to the present time. He says on the cross-examination: "I think the services to date, exclusive of any argument on the appeal, or any expenses connected therewith, would be from seven thousand five hundred to eight thousand dollars." Mr. John E. Wurts testified as follows: "I have been a lawyer for eight years. I am familiar with the amount of compensation claimed and paid to lawyers in cases of importance in this state. * * * I think a moderate estimate of the professional services rendered up to, and the argument on, the appeal, to the time of filing the replication, would be ten thousand dollars, without any contingencies that may arise, and it would be below many fees that I have known to be charged for similar services." On cross-examination he said: "I think, in view of the magnitude of the interests involved, and of the responsibility incurred in the preparing of the bill, and the fact that practically all the questions that must be made on the appeal, and that can be raised upon the demurrer, have already been prepared for in the labor, and expended on the motion for receiver, that $7,500 has been reasonably earned up to date." On the 15th October the court ordered, adjudged, and decreed that the receiver, Mason Young, Esq., pay to the petitioners, or their order, the sum of $5,000, out of any moneys in his hands,

arising from the operation of the railroad properties included in the order appointing him receiver. From this order an appeal was prayed and allowed in open court, and the following was assigned as error: "That the court erred in making the order or decree dated October 15, 1892, whereby Bisbee & Rinehart were allowed the sum of five thousand dollars, as complainant's solicitors, to be paid out of the income and assets of the property in the hands of the receiver."

In this court the appellant assigned errors as follows: "(1) The order appealed from was wholly erroneous. (2) This was not a case in which the court was authorized to make such an allowance. (3) This is an adverse litigation between complainant and defendant, and not the case of a fund brought into court for the benefit of a class of persons, out of which counsel fees would be allowed. (4) The litigation has just begun, and this is not the proper time to make such allowance, for the court cannot anticipate the result of the litigation. (5) The granting of the order is, in effect, deciding, at this stage of the litigation, upon the merits of the cause, in favor of complainant. (6) At the time this order was made an appeal was pending in the United States circuit court of appeals from the orders upon which this allowance was based, and, if those orders are reversed, complainant's counsel will have been paid, out of defendant's property, for obtaining erroneous orders against defendant. (7) The record shows that there are several issues of bonds on this property and its income, and a large amount of indebtedness due from the company to other persons, and the trustees of the bonds and the creditors, who have rights in the incomes of the property prior to a stockholder, were not before the court, and were not consulted as to the expenditure of these funds. (8) The answer of defendant company to the petition shows that this use of the incomes of the property for paying complainant's counsel fees is against the wishes and protest of the stockholders, bondholders, and creditors. (9) There is no prayer in the bill for any relief which would authorize the allowance of counsel fees."

The appellees, Bisbee & Rinehart, move, in this court, to dismiss the appeal, on the ground that there is no properly authenticated transcript of record filed in this court, as required by the rules thereof, and this court has no jurisdiction to entertain an appeal from the order of October 15, 1892. Since the taking of this appeal in this case, this court has disposed of the main appeal in the case of Jacksonville, T. & K. W. Ry. Co. v. American Const. Co., reversing the decree of the circuit court appointing a receiver, modifying the injunction, and restoring the property in controversy to the Jacksonville, Tampa & Key West Railway Company. 55 Fed. Rep. 131.

C. M. Cooper, J. C. Cooper, and I. M. Day, Jr., for appellant.

H. Bisbee, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PER CURIAM. The certificate of the clerk, authenticating the transcript in this case, is sufficient. See Pennsylvania Co. for Insurance on Lives and for Granting Annuities v. Jacksonville, T. & K. W. Ry. Co., 2 U. S. App. 606, 5 C. C. A. 53, 55 Fed. Rep. 131.

"A decree by a circuit court of the United States, directing that the complainant be paid his costs and expenses out of the fund in court,—the fund in the mean time remaining in the court, in course of administration,—is, pro tanto, a final decree, from which, if the amount be sufficient, an appeal will lie." Trustees v. Greenough, 105 U. S. 527. "When many persons have a common interest in a trust property or fund, and one of them, for the benefit of all, and at his own cost and expense, brings a suit for its preservation or administration, the court of equity in which the

suit is brought will order that the plaintiff be reimbursed his outlay from the property of the trust, or by proportional contribution from those who accept the benefits of his efforts. See Trustees v. Greenough, 105 U. S. 527, where the subject is discussed by Mr. Justice Bradley, and the cases cited, and Banking Co. v. Pettus, 113 U. S. 116, 5 Sup. Ct. Rep. 387. But where one brings adversary proceedings to take the possession of trust property from those entitled to it, in order that he may distribute it to those who claim adversely, and fails in his purpose, it has never been held, in any case brought to our notice, that such person had any right to demand reimbursement of his expenses out of the trust fund, or contribution from those whose property he sought to misappropriate." Hobbs v. McLean, 117 U. S. 567–582, 6 Sup. Ct. Rep. 870. The allowance of compensation to the appellees in this case, to be paid out of the fund in the hands of the court, was erroneous, because it was, in any event, premature, and because the adversary proceedings to take possession of the trust property for control, management, and possible distribution, failed in their purpose.

The motion to dismiss the appeal is overruled, and the order appealed from is reversed, with costs.