[No. 16478. Department Two. September 8, 1921.]

### MARIA DRAIN et al., Appellants, v. WILLIAM WILSON et al., as Executors etc., Respondents.[1]

TRUSTS (44-1)—COMPENSATION—CHARGES—COUNSEL FEES. Counsel fees incurred in necessary litigation will be imposed by equity upon a trust fund for the benefit of which litigation is successfully maintained, in all cases of good faith on the part of the attorneys rendering the service and of the parties employing them.

EXECUTORS AND ADMINISTRATORS (72, 76)—CLAIMS—ACCRUING DURING ADMINISTRATION. The statute of non-claim barring all claims not presented within six months after publication of notice to creditors of a decedent's estate has no application to a claim for legal services rendered the estate during the course of administration, whereby additional assets are discovered and added to the estate.

ACTION (29)—EXECUTORS AND ADMINISTRATORS (145)—DEFENSES —PREMATURE COMMENCEMENT. An action by heirs seeking to charge an estate with the expense of attorney's services in uncovering and increasing the assets of the estate is not prematurely brought, though antedating distribution under the testator's will.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered January 21, 1921, upon sustaining a demurrer to the complaint, dismissing proceedings in probate to ascertain and fix the amount of fees of attorneys employed by the heirs of an estate. Reversed.

*Neill & Sanger,* for appellants.

*Dow & Dow* and *Hanna, Miller & Hanna,* for respondents.

MITCHELL, J. — The amended complaint is substantially as follows: That the defendants, William Wilson and Ed. Maguire, are executors of and residuary legatees under the will of Patrick Drain, who died on April 6, 1919; that the deceased was a bachelor and

[1]Reported in 200 Pac. 581.

was not survived by father or mother, but by one sister, Maria Drain, nine nephews and nieces (names given), children of a deceased sister, Sarah Develin, and four other nephews (names given), children of a deceased sister, Nancy McErlain; that William Wilson was appointed by the superior court of Whitman county and qualified as administrator of the estate, and reported that the persons named were the heirs and only heirs of the deceased, and thereupon filed an inventory of the estate showing only, cash in bank $1,022.42, certificate of deposit in bank $7,500, liberty bonds $1,000, and mining stock and personal effects of no value; that, in October, 1918, Patrick Drain conveyed to William Wilson certain real property in Whitman county for which Wilson executed and delivered to Patrick Drain his promissory notes, not included in the inventory; that, after the inventory was filed, the heirs at law employed Messrs. Neill and Sanger, attorneys at law, to institute proceedings against Wilson to compel him to account for the promissory notes, and that, pursuant to said employment, proceedings were instituted in the superior court that finally resulted in a written settlement dated December 31, 1919, by which Wilson agreed to pay cash in the sum of $1,250, and execute his several notes in specified amounts, due at different dates, totaling $25,000, with interest at five per cent per annum, the notes to be payable to a trustee for the heirs and secured by a mortgage on the real estate sold to Wilson; that Wilson did execute the notes and mortgage, which were to be held by one Dow until the final decree of distribution was entered in the matter of the estate; that Wilson thereupon filed a supplemental inventory showing his notes in the sum of $25,000 and $1,250 cash; that in March, 1920, Wilson, as administrator, filed his final account and peti-

tion for distribution, showing property on hand consisting of cash, $7,313.55; liberty bonds, $1,000; and his own promissory notes in the sum of $25,000, secured by mortgage, setting out in the petition the names of the heirs as already given, and that thereupon the court fixed April 21, 1920, for the hearing, of which notice was duly given; that, on April 17, 1920, Wilson presented to the superior court a petition for the probate of an instrument purporting to be the last will and testament of Patrick Drain, deceased, which instrument was proved and admitted as such, will; and by which will specific legacies were given to nominated persons in the total sum of $10,100, and all the residue of the estate was given to the executors in trust for designated purposes; that William Wilson and Ed. Maguire were named in the will as executors, were appointed as such by the court, qualified, and are acting as such, and that only two of the heirs of the deceased are mentioned in the will, to each of whom $1,000 is bequeathed; that, prior to the stipulated settlement with Wilson, there was no agreement between the heirs and Messrs. Neill and Sanger as to the amount to be paid for their services, but thereafter it was agreed by the heirs that, upon the distribution of the property, there should be assigned to Messrs. Neill and Sanger for their services the equal of $5,000 of the Wilson notes secured by the mortgage; that the plaintiffs and other heirs believed they were the only beneficiaries of the estate, at the time Messrs. Neill and Sanger were employed and rendered services as attorneys, without which the $26,250 would not have been discovered for the estate; that, after the appointment of Wilson as administrator, he gave due and proper notice to creditors, the first publication of which was on July 4, 1919, requiring claims to be presented within six

months, and that no other notice to creditors has ever been given in said estate; that plaintiffs, in October, 1920, before commencing this action, presented a duly verified claim in the sum of $5,000 to the executors, to be allowed out of the funds of the estate, for the services of Messrs. Neill and Sanger, and that the demand was rejected by the executors; that, in good conscience, the beneficiaries under the will, who would receive the benefits of the services of the plaintiffs through their attorneys, are chargeable with a reasonable sum as attorney's fee out of the funds made available by those services, and that those funds are now in the hands of executors under control of the court, as the probate proceedings under the will are still pending. The prayer is to ascertain the amount of a reasonable attorney's fee to be paid to plaintiffs for their attorneys, or to be paid direct to said attorneys, out of the funds brought into the estate, or for such other order or orders as may be equitable and just.

To the amended complaint, the defendants interposed a demurrer on the grounds, "(1) That it does not state facts sufficient to constitute a cause of action; and (2) that there is a defect of parties defendant, in that William Wilson and Ed. Maguire are now acting as executors only." The demurrer was sustained, and upon plaintiffs refusing to further plead, a judgment was entered dismissing the action, from which the plaintiffs have appealed.

The charge in the amended complaint is ample to merit compliance with the general rule that equity will impose the burden and expense of necessary litigation, including counsel fees, upon a trust fund for the benefit of which the litigation is successfully maintained, in cases of good faith on the part of the at-

torneys rendering the service and of the parties (representing themselves and all others benefited) employing such attorneys. *Baker v. Seattle-Tacoma Power Co.*, 61 Wash. 578, 112 Pac. 647, Ann. Cas. 1912 C. 859; *In re Williamson*, 75 Wash. 353, 134 Pac. 1066; *Ford v. Gilbert*, 44 Ore. 259, 75 Pac. 138; *Campbell v. Provident Saving & Loan Soc.*, 61 S. W. (Tenn.) 1090; *Lamar v. Hall & Wimberly*, 129 Fed. 79; *Trustees v. Greenough*, 105 U. S. 725.

In the case of *Farmers' Loan & Trust Co. v. Green*, 79 Fed. 222, the circuit court of appeals states the rule as follows:

"There is no question as to the power of a court of equity, in cases of administration of funds under its control, to make such allowance to those who have instituted proceedings for the benefit of the fund as justice and equity may require. It is a well-recognized rule of equity that when a trust fund is brought into court for administration and distribution, it must bear the expense incurred in proper proceedings taken for the purpose. This expense necessarily includes the fees of the counsel who brings the suit, and who is considered as representing all persons having a common interest in the fund brought into court by it, and who avail themselves of its benefits, and of counsel who may be employed by authority of the court to perform services beneficial to the trust fund. *Trustees v. Greenough*, 105 U. S. 725; *Jacksonville, T. & K. W. Ry. Co. v. American Const. Co.*, 6 C. C. A. 249, 57 Fed. 66; *Bound v. Railway Co.*, 59 Fed. 509; *Insurance Co. v. Dellatorre*, 17 C. C. A. 310, 70 Fed. 643."

In the present case, proceedings were commenced by the heirs at law at a time when, by the record made by one of their present adversaries, they were, and two of them still are, vitally and legally related to the estate. That they represented not only themselves but all the creditors, known and supposed, is clearly indicated by the form taken in that litigation by which the

hidden assets were discovered for the benefit of the whole estate, and thereafter listed therein by Wilson, who at that time was acting as administrator, by a supplemental inventory as provided by the terms of the stipulated settlement in that controversy. There can be no question about the good faith of the heirs and their attorneys, nor that the institution of those proceedings enriched the estate to the extent of $26,250.

Respondents contend in support of the judgment that, as shown upon the face of the amended complaint, the claim of these appellants was barred because not presented within six months after the date of the first publication of notice to creditors. The recent case of *In re Hemrich's Estate,* 113 Wash. 667, 194 Pac. 569, is authority to the contrary. The cause for and rendition of the services involved in this controversy all happened after the death of Patrick Drain and while his estate was being administered in court. The claim here asserted is in the nature of an equitable lien upon the trust fund created after Drain's death, and the statute of non-claim is not applicable to it. That statute is no nearer applicable here than in the case of a mortgage creditor who is willing to confine his remedy to the property covered by his mortgage lien.

Respondents further contend that this suit has been prematurely brought. By that it is meant that, even if the appellants might have at some future time a right of suit for equitable contribution against the residuary legatees, they have no such right antedating distribution under the will. But this action is not alone against Wilson and Maguire as residuary legatees under the will. It is against them also in their capacity as executors under the will and who, under the control of the court and the terms of the will, are

representing all the beneficiaries, including the creditors. It is a suit appealing to the general powers of the superior court sitting in equity for the establishment of a lien upon, or a portion of, a fund created by the valuable services of the appellants through their attorneys, demand for the payment and recognition of which has been denied by the legal representatives and holders of that fund. There is no attempt to impress any of the rest of the estate with the claim, and certainly those who succeed to this particular fund and who are represented in this suit by the defendants as executors must take it subject to the superior claim of those who by their efforts have made it available. And upon the face of the complaint the appellants are fair. Seeking equity, they offer to do equity. Whatever may have been agreed on in the stipulated settlement of the prior suit as reasonable to be paid out of that fund by those who at that time were thought to be entitled to it as compensation to their attorneys, those same attorneys now ask by the bringing of this suit, as shown by the allegations of the amended complaint, that the compensation be now fixed in such amount as to the court shall appear to be just and reasonable. That course should be followed. The amended complaint states a good cause of action.

Reversed with directions to the trial court to overrule the demurrer.

PARKER, C. J., MAIN, BRIDGES, and TOLMAN, JJ., concur.