[No. 20050. Department Two. January 17, 1927.]

JOEL W. RUSSELL, *Respondent,* v. GRACE LESLIE *et al.,*
*Appellants.*[1]

[1] GUARDIAN AND WARD (7)—ATTORNEY AND CLIENT (35)—EM-
PLOYMENT OF ATTORNEY—CONTRACT BY GUARDIAN. Where the
wife, as guardian of her insane husband and for herself, adopts
a contract made by her and her husband employing an attorney
to prosecute a suit and had him bring an action knowing that
he relied on the former contract, she and the estate are bound
by its terms.

[2] GUARDIAN AND WARD (9-2)—CLAIMS AGAINST GUARDIAN. It is
not necessary to file a claim against the estate of an insane
person, under Rem. Comp. Stat., § 1577, upon a contract of
employment made by the guardian of the estate in the course
of administration.

[3] JUDGMENT (195) — CONCLUSIVENESS — PERSONS CONCLUDED —
IDENTITY. A judgment dismissing an action brought by a firm
of attorneys as co-partners upon a contract of employment is
not *res judicata* of an action afterwards brought by one of the
firm individually upon a contract made by him alone.

[4] JUDGMENT (187) — CONCLUSIVENESS — JUDGMENT OF DISMISSAL
WITHOUT PREJUDICE. The doctrine of *res judicata* by a judg-
ment of dismissal does not apply where the judgment was set
aside and a judgment of dismissal without prejudice entered in
its stead.

Appeal from an order of the superior court for King county, Jones, J., entered March 9, 1926, granting a new trial to the plaintiff, in an action for attorney's fees, tried to the court. Affirmed.

[1]Reported in 252 Pac. 151.

*C. T. Hardinger,* for appellants.

*P. Pitt Shaw* and *Russell & Blinn,* for respondent.

BRIDGES, J.—In July, 1924, Robert N. Leslie and his wife, Grace Leslie, entered into a written contract with "Joel W. Russell, engaged in the practice of law at Seattle, King county, Washington, as Russell & Blinn," wherein the Leslies employed Mr. Russell to represent them in a suit to be brought by them against the city of Seattle for personal injuries alleged to have been sustained by Mrs. Leslie because of the negligence of the city, and wherein Russell agreed to represent the Leslies in such suit in the superior court, and also in the supreme court in the event of an appeal; and it was provided that, for his services, he should receive a certain percentage of all moneys collected on account of such injury, whether by adjustment, suit or otherwise. This instrument was signed by the Leslies and J. W. Russell. Thereafter and in pursuance of the contract, the contemplated suit was instituted.

Later, it developed that Mr. Leslie was insane, and, upon her application, Mrs. Leslie was appointed his guardian and qualified as such. After that, an amended complaint in the personal injury action was made, served and filed, wherein the plaintiffs were Mrs. Leslie as an individual and also as guardian of her husband. The amended complaint set out substantially the same facts as were contained in the original complaint, and, in addition thereto, the fact that Mr. Leslie had become insane and that Mrs. Leslie had been appointed as his guardian and had qualified, and as such maintained the suit. Settlement of that suit was ultimately made and a judgment was entered against the city in favor of Mrs. Leslie, as an individual and as guardian, for one thousand dollars.

After the entry of the judgment, Russell & Blinn, as

attorneys for the plaintiffs, filed in the action against the city their notice of attorney's lien for the amount provided in the contract above mentioned, this being in compliance with Rem. Comp. Stat., § 136 [P. C. § 185]. Thereafter suit was brought by Joel W. Russell and Leola May Blinn, co-partners as Russell & Blinn, against Mrs. Leslie and the city of Seattle for the purpose of foreclosing the attorney's lien. After the plaintiffs had introduced their testimony, the court entered an order which found that the plaintiffs had failed to prove the material allegations of their complaint, and dismissed the action. That case was tried and the order of dismissal made by Judge Simpson, a visiting judge.

Thereafter J. W. Russell, "practicing as Russell & Blinn," filed in the original suit a claim of lien on the judgment entered, for the amount provided in the original agreement with the Leslies, and later Mr. Russell, individually, instituted suit against Mrs. Leslie and the city of Seattle to foreclose the attorney's lien. The answer to that complaint alleged the insanity of Mr. Leslie at the time of the signing of the contract employing attorneys, and also pleaded as *res judicata* the prior action by Russell & Blinn. After the closing of the case, Judge Jones, the trial judge, gave a written opinion wherein he found that, at the time of signing the attorney's contract, Mr. Leslie was hopelessly insane, but that Mrs. Leslie, by the maintenance of the original suit against the city in the name of herself as an individual and as guardian of her husband, had in effect ratified or adopted the original contract of employment of attorneys. He found also that the judgment in the first suit brought to foreclose the attorney's lien was *res judicata* of this action, and later entered an order of dismissal. In due time, Mr. Russell filed a motion for a new trial. Before it was heard,

Judge Simpson, who tried the first case, entered an order vacating his previous judgment, and entered another judgment of dismissal "without prejudice as to Joel W. Russell." Based upon this new order of dismissal, Judge Jones granted a new trial, and this appeal is from that order.

[1] Appellant first contends that, because the husband, Robert N. Leslie, was insane at the time the attorney's contract was signed, there can be no recovery on it. Under ordinary circumstances, we would probably agree with this contention, but, after she had been appointed guardian of her husband and qualified as such, Mrs. Leslie employed the same attorney to maintain her suit, knowing, of course, that that attorney was relying upon the previous contract. By her course of conduct, Mrs. Leslie, as an individual and as guardian, adopted the contract previously made with the attorney, and the situation now is as though she, as an individual and as guardian, had entered into an entirely new contract to the same effect. That she had a right so to do, there can be but little question. In *Schultheis v. Nash*, 27 Wash. 250, 67 Pac. 707, we held that a guardian is authorized to enter into a contract with attorneys, agreeing to pay them a certain portion of any amount that might be recovered. It would be unconscionable to now hold that the contract cannot be enforced because made while Mr. Leslie was insane. This was the view of the trial court, and we think it entirely equitable.

[2] It is next claimed that the action cannot be maintained as against the guardian because no claim was ever filed with, or rejected by, her in accordance with Rem. Comp. Stat., § 1577 [P. C. § 9909]. We are of the opinion, however, that this statute is inapplicable to the facts here. Holding as we have that the guardian adopted the contract which is sought to be

enforced here, the services performed by the attorney were for the benefit of the estate of the insane person and were in connection with the administration of that estate. The statute does not contemplate the filing of claims for services performed in connection with the estate. *Drain v. Wilson,* 117 Wash. 34, 200 Pac. 581.

What we have said disposes of another contention of the appellant to the effect that there was overreaching in obtaining the signature of Mr. Leslie.

[3] It is next contended that the judgment of dismissal in the previous suit to enforce the attorney's contract is *res judicata.* We cannot accept this view. The contract was between the Leslies and the attorney, J. W. Russell. The first suit on it was instituted by the co-partnership of Russell & Blinn. Manifestly, they were not entitled to maintain the action.

[4] If, however, the doctrine of *res judicata* ever applied to this suit, its effect was nullified and eliminated by the subsequent order made in the first suit, reserving to Mr. Russell his rights under the contract, for that judgment expressly dismissed the action "without prejudice as to Joel W. Russell."

We are of the view that the court did not err in retaxing the costs.

The order granting a new trial is affirmed.

MACKINTOSH, C. J., PARKER, ASKREN, and TOLMAN, JJ., concur.