[Civ. No. 12972.   Second Appellate District, Division Two.—March 26, 1941.]

EVA M. TANNER, as Administratrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Will H. Winston for Petitioner.

Joseph A. Ball, *in pro. per.,* and J. H. O'Connor, County Counsel, for Respondents.

MOORE, P. J.—A writ of review was issued to the superior court sitting in probate for the purpose of having this court determine whether or not that court was without jurisdiction to make its order for the payment of certain counsel fees for services rendered by respondent attorney to the estate following his appointment by such judge.

Following the decease of John L. Best, petitioner qualified as administratrix of his estate. She filed her inventory disclosing that the estate consisted of various stocks and bonds but she averred therein that the assets named were not the property of decedent but that they were her very own. She then instituted a separate action at law entitled *Eva M. Tanner* v. *Estate of John L. Best et al.,* whereby she sought to quiet title in herself to all of the assets of the estate. Copies of the summons and complaint were served upon the judge of the court who had granted her letters of administration. In turn, that judge made an order purporting to appoint respondent Joseph A. Ball, as attorney for the "estate of John L. Best" deceased, to defend this estate against petitioner's action. Following the trial, judgment was entered in petitioner's favor. From the judgment entered an

appeal was taken to this court. We found no error in the findings of fact but reversed the judgment and directed the dismissal of the action against the "Estate of John L. Best" on the ground that there was no defendant before the court. (*Tanner* v. *Best,* 40 Cal. App. (2d) 442 [104 Pac. (2d) 1084].) Thereafter, on November 15, 1940, the court which was administering the Estate of Best, after a hearing on the order to show cause and objections thereto, made its order December 20, 1940, that the administratrix herein, Eva M. Tanner, pay $500 out of the assets of the Best estate to Joseph A. Ball in full compensation for his services in conserving and preserving intact the assets of said estate.

Petitioner contends in her petition that the superior court acted in excess of its jurisdiction and that the order requiring petitioner to pay him $500 is void. Respondent Ball contends that the judge was authorized to appoint an attorney to defend the interests of the estate to the end that the title to its assets would not be clouded by petitioner's action; that the court's power was not dependent upon statute, but that its power to appoint counsel to defend the estate is the proper exercise of its equity jurisdiction.

Respondent Ball's position cannot be maintained. As pointed out in our former opinion, no one who had an interest in the estate was served with summons except respondent Ball who filed a disclaimer. No one interested in the estate appeared to contest petitioner's action to quiet title. But petitioner proceeded upon the erroneous theory and the judge conceived that he was authorized by section 703 of the Probate Code to appoint respondent Ball to defend the estate against petitioner's lawsuit. There is nothing in that section which authorizes the probate judge to appoint counsel to defend an action brought against the estate by its administrator when the very basis of that action denies the existence of any estate of decedent. The purpose of that section was to facilitate the defense of claims for money made against the estate. It distinctly provides that if the administrator is a "creditor" of decedent and files his claim with the clerk, the clerk must present it for allowance or rejection to the judge and if the judge rejects the claim and action be instituted thereon, the "summons must be served upon the judge who shall appoint an attorney at the expense of the estate to defend the action." Nowhere does it appear in the record that any sort

of claim was ever filed with the clerk or presented to the judge. By consulting the cited section the judge would have observed that his appointment of counsel to defend an action brought against the estate is one which is instituted following his rejection of a claim. If it should ultimately be determined in such a civil action, as it was determined, that the estate had no assets, there was nothing for the attorney to defend. Therefore, with these facts before the attorney, he was abundantly warned beforehand that he was serving the estate at his peril for if she should prevail, there is no authority whereby the court could take from the assets of Eva M. Tanner individually, to pay for the services of an attorney who undertook to defend the interest of a nonexistent estate.

Respondent Ball contends that the code section does not require the judge to determine the jurisdiction of the court to appoint counsel before doing so. This contention requires us to say that the language of the statute was clear in that there was no authority given for the appointment of counsel in such an action as that which petitioner had instituted. The point made by respondent that the law had not at that time been settled that such a case would be dismissed is beside the point. The statute was the source of the authority exercised by the court and it clearly did not authorize the appointment of an attorney under such circumstances as those presented by petitioner's action to quiet title.

Respondent argues that the services rendered by him preserved for all legatees and heirs and others interested the assets of the estate. There is no judgment that respondent preserved any assets for the estate. The decision of the superior court was for petitioner to recover judgment quieting her title to the assets listed in the inventory of the estate, and upon a review of the case, we found no lack of evidence to justify that finding. It is true that where legal services are rendered in protecting or preserving a common fund for the benefit of some who did not participate in the labors to effect its preservation, the expense of such services including counsel fees is a proper charge against the common fund so preserved or protected. (7 Cor. Jur., sec. 1098; *Hempstead et al.* v. *Meadville Theological School et al.*, 286 Pa. 493 [134 Atl. 103, 49 A. L. R. 1145]; *Drain* v. *Wilson*, 117 Wash. 34 [200 Pac. 581]; *Bean* v. *Bean*, 74 N. H. 404 [88 Atl.

409, 124 Am. St. Rep. 978] ; *Brand* v. *Denson,* (Tex. Civ. App.) 81 S. W. (2d) 111.)

These authorities were cited by respondent Ball and are authority for the exercise of its equity powers by a court in compensating counsel who have been appointed by the court, or who have been employed by some of the interested beneficiaries of a fund to protect it or conserve it against an inimical adversary. In all of the cited cases, as a result of the legal services rendered, there was added to the estate or trust fund property which would have been taken but for the legal services, or property which had been gained from the hostile possession of others. In all such cases, the payment of counsel fees is dependent upon establishing the right of the common fund to the property which comprised the subject of the litigation. By those cases the general rule is declared that an attorney rendering such service to a common fund may be given compensation because he increases or protects it. The basis of this rule is the principle that one who preserves a common fund works for others as well as for himself. (*Brand* v. *Denson, supra.*)

The order in question is not to be likened to that which requires the payment "out of a common fund" for services successfully rendered on behalf of such fund. Under the showing made by petitioner, the probate court had determined that there are no assets belonging to the estate. We ordered a dismissal of the action not because of any error in the court's finding of fact but solely for lack of jurisdiction of the court to make an order. To require petitioner now to pay the counsel fees would be to take advantage of a technicality whereby her action was dismissed not because of her failure to prove her demands but because of the want of jurisdiction of the court to render judgment against a nonentity. If a judgment in a proper law suit, after service of summons upon the interested parties, should determine that her demand for all of the assets should be finally rejected, it will then be in order for the estate to pay for its conservation whether the counsel who renders the services shall have been appointed by the court or employed by one of the heirs of the estate. But it would certainly be inequitable to make such order while the only showing is a finding and decision of the superior court that the assets inventoried to the estate are the property of the petitioner.

For the reasons given, the order of the superior court authorizing the payment of $500 to respondent Ball by "Eva M. Tanner, the Administratrix herein" is hereby annulled.

Wood, J., and McComb, J., concurred.